# EXHIBIT A

**DECLARATION OF DONNA M. MEZIAS IN SUPPORT OF
DEFENDANT'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453**

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**10/19/2018** at 01:11:03 PM

Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
9880 Research Drive, Suite 800
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com

Attorneys for Plaintiffs RICHARD W. HANKEY,
individually and on behalf of all others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ORANGE, CIVIL COMPLEX CENTER

| | |
|---|---|
| RICHARD W.  HANKEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HOME DEPOT USA, INC., a Delaware Corporation,  and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:  30-2018-01027364-CU-OE-CXC<br><br>Assigned For All Purposes To:<br>Judge:  Judge William Claster<br>Dept.:  CX-104<br><br>**CLASS ACTION COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §382**<br><br>**COMPLAINT FOR:**<br><br>1.  **Failure to Pay Wages Including Overtime as Required by Labor Code§§ 510 and 1194**<br>2.  **Failure to Pay Timely Wages Required by Labor Code § 203**<br>3.  **Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226**<br>4.  **Violation of Business & Professions Code § 17200, et seq.**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1    Plaintiff RICHARD W. HANKEY("Plaintiff"), individually and on behalf of all others
2    similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby
3    files this Complaint against Defendants THE HOME DEPOT USA, INC.,   a Delaware
4    Corporation, and DOES 1-50, inclusive (collectively "Defendants") and alleges on information
5    and belief as follows:

6    ## I.      JURISDICTION AND VENUE

7        1.     This class action is brought pursuant to California Code of Civil Procedure §382.
8    The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits
9    of the California Superior Court and will be established according to proof at trial.

10       2.     This Court has jurisdiction over this action pursuant to the California Constitution
11   Article VI §10, which grants the California Superior Court original jurisdiction in all causes
12   except those given by statute to other courts.  The statutes under which this action is brought do
13   not give jurisdiction to any other court.

14       3.     This Court has jurisdiction over Defendants because, upon information and belief,
15   each Defendant either has sufficient minimum contacts in California, or otherwise intentionally
16   avails itself of the California market so as to render the exercise of jurisdiction over it by the
17   California Courts consistent with traditional notions of fair play and substantial justice.

18       4.     The California Superior Court also has jurisdiction in this matter because the
19   individual claims of the members of the Classes herein are under the seventy-five thousand dollar
20   ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys'
21   fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of
22   2005.  Further, there is no federal question at issue, as the issues herein are based solely on California
23   statutes and law, including the Labor Code, applicable IWC Wage Orders, CCP, California Civil
24   Code ("CC") and B&PC.

25       5.     Venue is proper in this Court because upon information and belief, one or more of
26   the Defendants, reside, transact business, or have offices in this County and/or the acts or
27   omissions alleged herein took place in this County.
28   ///

## II.    **PARTIES**

6.    Plaintiff, RICHARD W. HANKEY, was at all times relevant to this action, a resident of California.  Plaintiff was employed by Defendants in their Rancho Cordova, California store, in approximately June 2016 as a Non-Exempt Employee until his separation in approximately May 2018.

7.    Defendants THE HOME DEPOT USA, INC.,  are engaged in the ownership and operation of an American home improvement supplies retailing company that sells tools, construction products, and services. Defendants operate various store locations across the United States and California, including but not limited to Bakersfield,  Los Angeles, Orange, Sacramento, San Diego, and San Francisco. Plaintiff estimates there are in excess of one hundred Non-Exempt Employees who work or have worked for Defendants over the last four years.

8.    Other than identified herein, Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 50, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint when their true names and capabilities are ascertained.

9.    Plaintiff is informed and believes and thereon alleges that each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the Class, and exercised control over their wages, hours, and working conditions.   Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

## III.  **CLASS ACTION ALLEGATION**

10.    Plaintiff brings this action individually and on behalf of all others similarly situated as a class action pursuant to Code of Civil Procedure § 382.  The members of the Class are defined as follows:

All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiff's Class" or "Class Members").

11.     Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

**Sub-Class 1:** All Class Members who are or were employed by Defendants at any time between October 2017 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

**Sub-Class 2:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice  Subclass").

**Sub-Class 3:** All Class Members who have been employed by Defendants at any time between October 2015 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass")

12.     Plaintiff reserves the right under California Rule of Court 3.765(b) and other applicable laws to amend or modify the class definition with respect to issues or in any other ways.  Plaintiff is a member of the Class as well as each of the Sub-Classes.

13.     The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

14.      There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

15.      <u>Numerosity</u>.  The members of the Class are so numerous that individual joinder of all of them as plaintiffs is impracticable.  While the exact number of the Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

16.      <u>Commonality</u>.  Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class.  These

common questions include, but are not limited to:

          i.        Whether Defendants failed to pay wages for all time worked including overtime in violation of Labor Code §§ 510, 1194, 1197;

          ii.        Whether Defendants failed to maintain accurate time record including pursuant to Labor Code sections 1174.5 and the  applicable IWC Wage Orders;

          iii.        Whether Defendants provided accurate itemized wage statements pursuant to Labor Code section 226;

          iv.        Whether Defendants violated Labor Code §§ 201-204 by failing to pay all wages owed upon separation from the Defendants' employ;

          v.        Whether Defendants violated Business and Professions Code and Labor Code sections  201-204, 226, 510, 558, 1174, 1174.5, 1175, 1194, 1197, 1197.1, and applicable IWC Wage Orders  which violation constitutes a violation of fundamental public policy; and

          vi.        Whether Plaintiff and the Members of the Plaintiff Class are entitled to equitable relief pursuant to Business and Professions Code section 17200, *et. seq.*

      17.        <u>Typicality</u>.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

      18.        <u>Adequacy</u>.  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom he has a well defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass.  Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

19.  <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them.  Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

20.  <u>Public Policy Considerations</u>:  Employers in the state of California violate employment and labor laws everyday.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

## IV.  <u>FACTUAL ALLEGATIONS</u>

21.  At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

22.  Plaintiff is informed and believes Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

23.  Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, regardless of the location they were employed.

24.  Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge

of the requirements of California's wage and employment laws.

25.     During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

26.     Plaintiff is informed and believes that Plaintiff and Class Members were not compensated for all time worked as Plaintiff and Class Members performed worked prior to the start of their scheduled shifts and also at the end of their scheduled shifts. Plaintiff and Class Members were not compensated for such work as Defendants would round their times to only reflect their scheduled start times and end times. This policy resulted in Plaintiff and the Class Member being subjected to Defendants' unlawful rounding policy. Defendants' implemented unlawful rounding policy consistently resulted in a failure to pay employees for the time worked while under the control of Defendants. Defendants' rounding policy over time resulted on a large and disproportionate underpayment of wages including overtime wages to Plaintiff and Class Members.

27.     Upon information and belief, Defendants failed to accurately calculate bonuses earned by Plaintiff and Class Members into their regular rates of pay for overtime purposes.

28.     Upon information and belief, Defendants failed to provide accurate itemized wage statements to Plaintiff and Class Members as the wage statements provided failed to accurately account for all hours worked.

29.     Upon information and belief, Defendants failed to keep accurate records pursuant to Labor Code § 1174.5.

30.     Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a)     failing to compensate Plaintiff and Class Members of regular and overtime wages for all hours worked;

(b)     failing to provide accurate itemized wage statements;

(c)     failing to timely pay wages; and

(d)     conducting and engaging in unfair business practices.

31.     In addition to the violations above, and on information and belief, Defendants knew

they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

32.     Plaintiff and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 *et seq.*

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY WAGES INCLUDING OVERTIME**

**(Against All Defendants)**

33.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

34.     At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

35.     At all relevant times, Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

36.     At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons acting individually as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties pursuant to Section 203.

37.     Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

38.     At all times relevant, Plaintiff and Class Members regularly performed non-exempt work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code.

39.     At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.  At all times relevant, Defendants failed to pay all wages and overtime owed to Plaintiff and Class Members for the work commenced prior to and after their scheduled shifts due to the Defendants' unlawful rounding policies.

40.     At all relevant times, Defendants failed to accurately calculate bonuses earned by Plaintiff and Class Members into their regular rates of pay for overtime purposes, resulting in an inaccurate payment of overtime to Plaintiff and Class Members.

41.     Accordingly, Defendants owe Plaintiff and Class Members overtime wages, and have failed to pay Plaintiff and Class Members the overtime wages owed.

42.     Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiff and Class Members are entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and attorneys' fees.

## **SECOND CAUSE OF ACTION**

### **FAILURE TO PAY TIMELY PAY WAGES**

**(Against All Defendants)**

43.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

44.     Labor Code § 204 requires an employer to make payable all wages mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment twice during each calendar month, on days designated in advance by the employer as the regular paydays. The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period

45.     During the relevant time period, Defendants failed to timely pay Plaintiff and Class Members for bonuses earned in violation of §204 as such payments were not made during the course of the regular pay schedule and were made more than seven calendar days following the close of the payroll period..

46.     Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

47.     Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

48.     During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include regular and overtime.

49.     As a result, Defendants are liable to Plaintiff and members of the Non-Exempt Production Employee class for waiting time penalties pursuant to Labor Code §§203 and 204, in an amount according to proof at the time of trial.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(Against All Defendants)**

50.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

51.     Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class including applicable hourly rates and reimbursement expenses among other things.  Defendants have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

52.     IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class.  On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

53.     Defendants have failed to accurately record all hours worked for Plaintiff and Class Members.

54.     Plaintiff and the Class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things.

55.     Pursuant to Labor Code section 226, Plaintiff and the Class are entitled up to a maximum of $4,000 each for record keeping violations.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et.seq.**

**(Against All Defendants)**

56.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

57.     Defendants' conduct, as alleged in this complaint, has been, and continues to be,

unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

58.     Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

59.     A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law.  Defendants' policy of failing to provide accurate itemized wage statements and failing to compensate Plaintiff and Class Members of regular wages and overtime wages violates Labor Code §§ 226, 510, 558, 1194,1197 and applicable IWC Wage Orders and California Code of Regulations.

60.     Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

61.     Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

Class Certification

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the Class;

3.     That Plaintiff be appointed as the representative of the Subclass; and

4.     That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

On the First Cause of Action

1.     For compensatory damages equal to the unpaid balance of minimum wage compensation owed to Plaintiff and Class members as well as interest and costs;

2.    For reasonable attorneys' fees and costs pursuant to Labor Code § 1194;

3.    For compensatory damages in an amount equal to the amount of unpaid overtime owed to Plaintiff and Class Members;

4.    For pre-judgment interest on any unpaid overtime compensation due from the day that such amounts were due;

5.    For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code § 1194.2; and

For such other and further relief as the Court deems proper.

On the Second Cause of Action

1.    For statutory penalties pursuant to Labor Code §§203 and 204;

2.    For interest for wages untimely paid; and

3.    For such other and further relief as the Court deems proper.

On the Third Cause of Action

1.    For statutory penalties pursuant to Labor Code §226;

2.    For interest for wages untimely paid; and

3.    For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to provide accurate itemized wage statements, and pay wages due and owing as described herein to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2.    For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

3.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the Court deems proper.

1

## **DEMAND FOR JURY TRIAL**

2       Plaintiff and members of the Class and Subclass request a jury trial in this matter.

3

4

5   Dated: October 19, 2018                                JAMES HAWKINS APLC

6
                                                           By: _____
7                                                              JAMES R. HAWKINS, ESQ.
                                                               GREGORY MAURO, ESQ.
8                                                              MICHAEL CALVO, ESQ.
                                                               Attorneys for Plaintiff RICHARD W.
9                                                              HANKEY, individually and on behalf of all
                                                               others similarly situated.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>THE HOME DEPOT USA, INC., a Delaware Corporation,  and DOES<br>1 through 50, inclusive<br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>RICHARD W. HANKEY, individually and on behalf of all others<br>similarly situated | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**10/24/2018** at 03:35:00 PM<br>Clerk of the Superior Court<br>By Georgina Ramirez,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Orange County Superior Court<br>*(El nombre y dirección de la corte es):*<br><br>751 W Santa Ana Blvd<br> Santa Ana, CA 92701 | **CASE NUMBER:**<br>*(Número del Caso):*<br>30-2018-01027364-CU-OE-CXC<br><br>Judge William Claster |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
 James Hawkins, APLC, 9880 Research Dr., Suite 200, Irvine, CA 92618; Tel: 949-387-7200

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* **10/24/2018** | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | Georgina Ramirez | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Gregory Mauro, SBN 222239<br>James Hawkins APLC<br>9880 Research Drive., Suite 200<br>Irvine, CA 92618 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**10/19/2018** at 01:11:03 PM<br>Clerk of the Superior Court<br>By Georgina Ramirez,Deputy Clerk |

TELEPHONE NO.: 949-387-7200   FAX NO.:

ATTORNEY FOR (Name): Richard Hankey

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange

STREET ADDRESS: 751 W Santa Ana Blvd.

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, 92701

BRANCH NAME: Civil Complex Center

CASE NAME:
Hankey v. The Home Depot USA, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2018-01027364-CU-OE-CXC |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000)   ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge William Claster<br>DEPT: CX-104 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

   a. ☐ Large number of separately represented parties    d. ☑ Large number of witnesses

   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

   c. ☑ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action *(specify)*: 4

5. This case ☑ is ☐ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 19, 2018

Gregory Mauro
(TYPE OR PRINT NAME)      ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
    *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** Hankey vs. The Home Depot USA, Inc.

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER: **30-2018-01027364-CU-OE-CXC** |
|---|---|

I certify that I am not a party to this cause. I certify that the following document(s), dated , have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on November 8, 2018, at 10:14:29 AM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

JAMES R. HAWKINS
GREG@JAMESHAWKINSAPLC.COM

JAMES R. HAWKINS
JAMES@JAMESHAWKINSAPLC.COM

JAMES R. HAWKINS
MICHAEL@JAMESHAWKINSAPLC.COM

Clerk of the Court, by: _____, Deputy

---

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 11/08/2018                    TIME: 08:32:00 AM          DEPT:  CX104

JUDICIAL OFFICER PRESIDING: William Claster
CLERK:  Gus Hernandez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  None

CASE NO: **30-2018-01027364-CU-OE-CXC** CASE INIT.DATE: 10/19/2018
CASE TITLE: **Hankey vs. The Home Depot USA, Inc.**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

---

EVENT ID/DOCUMENT ID: 72926195
**EVENT TYPE**: Chambers Work

---

**APPEARANCES**

---

*Minutes prepared under the direction of the Honorable William D. Claster.*

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factor of California Rules of Court 3.715 & 3.400: case is complex.

Each party who has not paid the Complex fee of $ 1,000 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Case Management Conference is scheduled for 01/29/2019 at 08:30 AM in Department CX104.

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352. Plaintiff shall give notice of the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

**The Court issues the attached Case Management Conference Order.**

Court orders clerk to give notice.

---

## CASE MANAGEMENT CONFERENCE ORDER

Prior to the Initial Case Management Conference, counsel for all parties are ordered to meet and confer in person (no later than 10 days before the conference) and discuss the following topics. Additionally, counsel shall be prepared to discuss these issues with this Court at the Initial Case Management Conference:

1. Parties and the addition of parties;
2. Claims and defenses;
3. Issues of law that, if considered by the Court, may simplify or foster resolution of the case.
4. Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc.);
5. A plan for preservation of evidence;
6. A plan for disclosure and discovery;
7. Whether it is possible to plan "staged discovery" so that information needed to conduct meaningful ADR is obtained early in the case, allowing the option to complete discovery if the ADR effort is unsuccessful;
8. Whether a structure of representation such as liaison/lead counsel is appropriate for the case in light of multiple plaintiffs and/or multiple defendants;
9. Procedures for the drafting of a Case Management Order, if appropriate;
10. Any issues involving the protection of evidence and confidentiality.

**Counsel for plaintiff is to take the lead in preparing a Joint Initial Case Management Conference report to be filed on or before** _01-22-2019_

The Joint Initial Case Management Conference Report is to include the following:

1. A list of all parties and counsel;
2. A statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
3. An outline of the claims and cross-claims and the parties against whom each claim is asserted;
4. Service lists and procedures for efficient service filing;
5. Whether any issues of jurisdiction or venue exist that might affect this Court's ability to proceed with this case;
6. Applicability and enforceability of arbitration clauses;
7. A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;
8. A description of core factual and legal issues;
9. A description of legal issues that, if decided by the Court, may simplify or further resolution of the case;

10. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations on discovery;
11. Whether particular documents and witness information can be exchanged by agreement of the parties;
12. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
13. The usefulness of a written case management order; and
14. A target date and a time estimate for trial.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Case Management Conference Report, the positions of each party or of various parties shall be set forth separately. The parties are NOT to use the case management conference form for non-complex cases (Judicial Council Form CM-110).

Plaintiff shall give notice of the Case Management Conference and serve a copy of this order upon any defendants presently or subsequently served.

ATTORNEYS APPEARING AT THE CASE MANAGEMENT CONFERENCE MUST BE FULLY FAMILIAR WITH THE PLEADINGS AND THE AVAILABLE FACTUAL INFORMATION, AND MUST ALSO HAVE THE AUTHORITY TO ENTER INTO STIPULATIONS. THESE REQUIREMENTS SHALL ALSO APPLY TO ANY FUTURE STATUS CONFERENCES HELD IN THIS CASE.

The Court orders a stay on discovery until after the initial Case Management Conference is held. Notwithstanding the stay, the Court encourages the parties to engage in an informal exchange of information and documents.